# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS 2014 SEP 22 P 3: 59

FILED IN CLERK'S OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| ) | |
| CHRISTINA SILVA, ) | |
| Plaintiff, ) | Civil Action # |
| ) | |
| vs. ) | |
| LUSTIG, GLASER & ) | Jury Trial Demanded |
| WILSON, P.C. ) | |
| Defendants, ) | |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

**PARTIES**

4. Plaintiff Christina Silva ("Plaintiff") is a natural person who at all relevant times resided in the State of Massachusetts, County of Plymouth, and City of Rockland.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Lustig, Glaser & Wilson, P.C. is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Lustig, Glaser & Wilson, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Lustig, Glaser & Wilson, P.C. is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Lustig, Glaser & Wilson, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Lustig, Glaser & Wilson, P.C. .

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Lustig, Glaser & Wilson, P.C., arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Citibank, N.A. (the "Debt").

12. Lustig, Glaser & Wilson, P.C. uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Lustig, Glaser & Wilson, P.C. purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

14. Lustig, Glaser & Wilson, P.C. acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due, a creditor, when the debt was in default once owed or once due, a creditor, when the debt was in default.

15. Lustig, Glaser & Wilson, P.C. is thoroughly enmeshed in the debt collection business.

16. In connection with the collection of the Debt, Lustig, Glaser & Wilson, P.C., filed a lawsuit against Plaintiff in the Hingham District Court for the Commonwealth of Massachusetts, June 8,

2014, and in the complaint, demanded a judgment in the sum of "$6002.39 plus interest." (See Complaint, attached as Exhibit A).

17. Plaintiff sent Lustig, Glaser & Wilson, P.C., written communication dated August 5, 2014 and in such communication, requested verification of the Debt. (See August 5, 2014 Correspondence, attached as Exhibit B).

18. Lustig, Glaser & Wilson, P.C., received Plaintiff's request for verification on August 7, 2014 at 9:31 A.M. (See USPS Delivery Confirmation, attached as Exhibit C).

19. Upon information and good-faith belief, Lustig, Glaser & Wilson, P.C., failed to send verification of the Debt to Plaintiff.

20. After having received written communication from Plaintiff disputing the debt, Lustig, Glaser & Wilson, P.C., continued to contact Plaintiff for the purpose of collecting the Debt despite having failed to first provide Plaintiff with verification of the Debt.

21. Upon information and good-faith belief, Citibank, N.A. charged off the Debt.

22. Citibank, N.A. ceased attempting to collect the Debt from Plaintiff after the date of charge-off.

23. Upon information and good-faith belief, Citibank, N.A. ceased charging interest on the Debt after the date of charge-off.

24. Upon information and good-faith belief, it is Citibank, N.A. regular business practice to cease collecting interest on an account after charge-off, in order to reduce continued collection costs and reduce the amount of "bad debt" on its books.

25. Citibank, N.A. waived its right to subsequently charge interest on the Debt.

26. After the date of charge-off, Citibank, N.A. sold the Debt to a debt buyer, Lustig, Glaser & Wilson, P.C..

27. When Lustig, Glaser & Wilson, P.C. purchased the Debt from Citibank, N.A.., Lustig, Glaser & Wilson, P.C., as the alleged assignee, took all rights, title and interest of Citibank, N.A.. existing as of the date of sale.

28. Upon information and good-faith belief, Lustig, Glaser & Wilson, P.C. retroactively assessed interest on the Debt between the date of charge-off and the date the Debt was placed in its office for collection.

29. As a result of Defendants' harassing efforts to collect the Debt alleged due, Plaintiff suffered personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation.

30. The personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation that Plaintiff suffered was a natural consequence of Defendants' harassing efforts to collect the Debt alleged due.

31. The personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation that Plaintiff suffered as a result of Defendants' harassing efforts to collect the outstanding debt alleged due constitute mental anguish more than mere worry, anxiety, vexation, inconvenience, or unpleasantness.

## COUNT I

## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

## LUSTIG, GLASER & WILSON, P.C.

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Lustig, Glaser & Wilson, P.C., violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATION OF 15 U.S.C. § 1692e(10)

## LUSTIG, GLASER & WILSON, P.C.

39. Plaintiff repeats and re-alleges each and every factual allegation above.

40. Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited: misrepresenting the amount of the Debt; and misrepresenting that it had sent

Plaintiff a discovery request, when upon information and good-faith belief, it had not done so. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF 15 U.S.C. § 1692g(b)

### LUSTIG, GLASER & WILSON, P.C.

44. Plaintiff repeats and re-alleges each and every factual allegation above.

45. Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
### VIOLATION OF 15 U.S.C. § 1692f(1)

### LUSTIG, GLASER & WILSON, P.C.

49. Plaintiff repeats and re-alleges each and every factual allegation above.

50. Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff not permitted by law, including by retroactively charging interest to the Debt without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Lustig, Glaser & Wilson, P.C. violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

51. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

*Christina Silva   Sept. 12, 2014*

Christina Silva

Date: August 5, 2014      Delivery Confirmation: 7013 0600 0001 8739 0434

## NOTICE AND DEMAND TO VALIDATE DEBT CLAIM  2014 SEP 22  P 3: 59

From: Christina Silva
Street Location: 49 Linden Park
City & State: Rockland, MA
Zip Code: 02370

To: Lustig, Glaser & Wilson, P.C.
Address: P.O. Box 549287
City & State: Waltham, MA
Zip Code: 02454

REF: Your correspondence purporting to allege a debt claimed by:

Name: Citibank

This is an offer to fully pay/discharge the attached claim of debt on the condition that the claiming parties comply with this notice within 30 days of receipt of this correspondence.

### NOTICE OF CLAIM DISPUTE
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
### NOTICE TO PRINCIPAL IS NOTICE TO AGENT
### APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

## *******SILENCE IS ACQUIESCENCE*******

### NOTICE AND DEMAND TO CEASE AND DESIST COLLECTION ACTIVITIES PRIOR TO VALIDATION OF PURPORTED DEBT

Pursuant to the truth in lending laws of the United States Code, Title 15 § 1601 et. seq. and the Fair Debt Collection Practices Act laws of the United States Code § 1692 et. seq.

This notice constitutes a timely written response to your Fair Debt Collection Practices Act notice that you are attempting to collect an alleged debt and is not a dishonor of your alleged claim of debt.

This notice is my, required by law, demand to "cease and desist" collection activities prior to validation of purported debt and you must validate the enclosed claim of an alleged debt. You must provide verification that an actual debt really exists by producing the following:

(1) The name and address of the organization or other governmental unit alleging a debt;

(2) The name and address of the person or persons in that organization or other governmental unit alleging a claim of a debt;

(3) The name of the actual creditor even if that is myself;

(4) **The origin of the funds used to create this alleged claim of a debt**

(5) **The actual records of the organization or other government unit showing the time and place of the deposit and distribution of the funds used to create this alleged claim of debt.**

(6) **The actual records of the organization or other governmental unit showing that an actual loan was made from the organization or other governmental unit's own funds that resulted in the enclosed alleged claim of a debt.**

(7) **The actual records of the organization or other governmental unit with a <u>live signature on any and all document/instrument(s)</u> used to allege the existence of a real loan of funds or debt from the organization or other governmental unit to myself or anyone else by a similar name.**

(8) **Be advised that verification is defined (Black's Law Dictionary, 6th Edition) as follows: "<u>Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition</u>". Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party.**

(9) The actual records of the organization or other governmental unit showing that an honest disclosure of facts relating to the alleged loan was made by the organization or other governmental unit in compliance with the truth in lending laws of the United States Code, Title 15 § 1601 et. seq. and Regulation Z.

(10)    **The actual records of the organization or other governmental unit showing that any and all document/instrument(s) containing my signature or the likeness of my signature were not negotiated or pledged by the organization or other governmental unit against my credit to create the funds used for the appearance of a debt and resulting in this alleged claim of debt.**

(11)    **The person that prepares and swears to the validation of debt must describe:** 1) your job description on a daily basis; 2) if you are the regular keeper of those books and records and are familiar with how they are kept and their contents; 3) how long have you been in your position; 4) when did you first come in contact with the alleged account/debt; 5) how frequently do you work with the files and information they are presenting to verify/validate the alleged debt; 6) are you the person/employee who

regularly works with the alleged account/debt; and 7) do you have personal knowledge about the alleged debt and/or any alleged account.

<u>15 U.S.C. § 1692 (e) states that a "false, deceptive, and misleading representation, in connection with the collection of any debt," includes the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.</u>

Pursuant to 15 U.S.C. § 1692 (g) (4) **Validation of Debts**, if you have evidence to validate your claim that the attached presentment does not constitute fraudulent misrepresentation and that one owes this alleged debt, this is a demand that, within 30 days, you provide such verification/validation and supporting evidence **signed and certified under penalty of perjury to substantiate your claim. Until the requirements of the Fair Debt Collection Practices Act have been complied with and your claim is verified/validated, you have no consent to continue any collection activities.**

This is a constructive notice that, absent the validation of your claim within 30 days, you must "cease and desist" any and all collection activity and are prohibited from contacting me through the mail, by telephone, in person, at my home, or at my work. You are further prohibited from contacting any other third party. Each and every attempted contact, in violation of this act, will constitute harassment and defamation of character and will subject your agency and/or attorney and any and all agents in his/her individual capacities, who take part in such harassment, and defamation, to a liability for actual damages, as well as **statutory damages of up to $1,000 for each and every violation**, and a further liability for legal fees to be paid to any counsel which I may retain. Further, absent such validation of your claim, you are prohibited from filing any notice of lien and/or levy or judgment and are also barred from reporting any derogatory credit information to any credit reporting agency, regarding this disputed purported debt.

Further, pursuant to the **Fair Debt Collection Practices Act**, 15 U.S.C. § 1692 (g) (8), as you are merely an "agency" or other governmental unit of the United States, acting on someone else's behalf, this is a demand that you provide the name of the original "principal", or "holder in due course", for whom you are attempting to collect this alleged debt.

**Please take notice that this is a criminal investigation of the business practices of the above named organization or other governmental unit, its agents, officers, employees and attorney to determine violations of the United States criminal laws.** Your enclosed claim of collection of a purported debt appears to be founded upon a false record in violation of U.S.C. Title 18 § 2071 and 2073 (falsifying records) and further; uttering and possessing false obligations and counterfeit securities based upon the falsified records in violation of U.S.C. Title 18 § 471, 472, 473 and/or 513, and further: using corrupt business practices to make and possess false records and claim of obligation, not substantiated by truthful facts in violation of the Federal Racketeer Influences and Corrupt Organization (RICO), U.S.C. Title 18 § 1961 et. seq. and further: using the U.S. Mail to present such fraud and false instruments amounting to Mail Fraud, criminal conduct

falling under Title 18 U.S.C. § 1341 – Frauds and Swindles laws, and further sending mail with false and fictitious names, a criminal conduct falling under Title 18 U.S.C. § 1842 – Fictitious Names.

## TAKE NOTICE

Debt Collector's failure in providing Respondent with the requisite verification, validating the above referenced alleged debt within the requirements of law as codified in the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the corresponding laws of each state, signifies that Debt Collector tacitly agrees that:

a. Debt Collector has no lawful, bona fide, verified claim, re the above-referenced alleged account:

b. Debt Collector waives any and all claims against Respondent and

c. Debt Collector tacitly agrees that Debt Collector will compensate Respondent for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts, re the above-referenced alleged account.

d. Failure of Debt Collector to properly and legally verify/validate alleged debt as required in this notice is a self executing irrevocable power of attorney authorizing Respondent/Alleged Debtor named herein to direct the permanent removal, on behalf of the alleged Creditor, of any and all references to said account in any and all credit reporting agency files of any type.

This response will constitute my effort to resolve this on-going debt claim between the parties involved. Until full disclosure is achieved, there can be no case, collection or action. "No civil or criminal cause of action can arise lest, out of fraud, there be a valid, honest contract." See _Eads v. Marks_ 249 P. 2d 257, 260.

Done this _____5th_____ Day of _____August_____ 2014

I declare under penalties of perjury in accordance with the laws of the United States of America (**without** the "United States") Title 28 U.S.C. § 1746(1) the forgoing is true and correct and is admitted when not rebutted, so help me.

_Christina L. Silva_
Christina Silva

On the _5th_ day of _Aug_ 2014 Christina Silva personally appeared before me in her County & State and placed her signature above.

_Leon A. Brownell_ Notary

08/09/2014                 Delivery Confirmation : 7011 2970 0002 5832 2915

Christina Silva

49 Linden Park

Rockland, MA 02370


Lustig, Glaser & Wilson, P.C.

P.O. Box 549287

Waltham, MA 02454


August 9, 2014


RE: INTENT TO SUE

Dear Sir/Madame:

This letter is formal notice of my intent to sue your company Lustig, Glaser & Wilson, P.C. and /or agents of for One Thousand Dollars ($1000.00) or more in Statutory Damages and Actual Damages for clear intentional violations of my rights under the Fair Debt Collection Practices Act (hereinafter FDCPA), specifically;

FDCPA: § 807(2)(A), § 807(7), § 807(8), § 808(1), § 809 in its entirety

I am prepared to file suit in Federal District Court for said violation and demand a trial by jury. I would prefer to come to a reasonable settlement on this violation of my rights if I hear from you within ten days of your receipt of this letter. Your response must be via email sent to; tinasilva2004@hotmail.com within that time frame. As I am sure you are aware, litigation in the Federal Court can become rather expensive and I would much prefer an amicable solution to this matter however I am prepared to file suit to recover damages if we cannot come to an agreement within the time frame mentioned above. I look forward to your timely response.
Respectfully,


*Christina Silva*
Christina Silva


U.S. Postal Service Certification Number:

On the 9th day of Aug. 2014 Christina Silva personally appeared before me in her County & State and placed her signature above.

*Leon A. Brownell* Notary

**On Time**
**Expected Delivery Day: Thursday, August 7, 2014**
**Your item was delivered at 9:31 am on August 7, 2014 in WALTHAM, MA 02451.**

# Product & Tracking Information

| Postal Product: | Features: | |
|---|---|---|
| First-Class Mail® | Certified Mail™ | Return Receipt |

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **August 7, 2014 , 9:31 am** | **Delivered** | **WALTHAM, MA 02451** |

Your item was delivered at 9:31 am on August 7, 2014 in WALTHAM, MA 02451.

| | | |
|---|---|---|
| August 7, 2014 , 9:11 am | Out for Delivery | WALTHAM, MA 02451 |
| August 7, 2014 , 9:01 am | Sorting Complete | WALTHAM, MA 02451 |
| August 7, 2014 , 6:00 am | Arrived at Unit | WALTHAM, MA 02451 |
| August 7, 2014 , 1:23 am | Departed USPS Facility | BOSTON, MA 02205 |
| August 6, 2014 , 7:33 am | Arrived at USPS Facility | BOSTON, MA 02205 |
| August 6, 2014 , 5:29 am | Departed USPS Facility | BROCKTON, MA 02301 |
| August 5, 2014 , 9:27 pm | Arrived at USPS Facility | BROCKTON, MA 02301 |
| August 5, 2014 , 5:39 pm | Departed Post Office | ROCKLAND, MA 02370 |
| August 5, 2014 , 4:40 pm | Acceptance | ROCKLAND, MA 02370 |